[No. 17470-7-II.   Division Two.   February 16, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL CURTIS BLANK, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara L. Corey-Boulet, Deputy*, for respondent.

BRIDGEWATER, J. — Paul C. Blank objects to the inclusion of certain items in a cost bill filed by the State of Washington after it prevailed in the underlying appeal of this criminal case. At issue is the application of a new statute, RCW 10.73.160, which permits State recoupment of fees for court-appointed counsel and of expenses incurred in producing a verbatim report of proceedings and clerk's papers. Initially, a commissioner of this court considered the cost bill, as provided by RAP 14.2. The commissioner referred the matter to a panel of judges. We hold that RCW 10.73.160 applies retroactively, and we grant the amount in costs requested by the State.

Blank was convicted of second degree manslaughter on July 29, 1993. Found indigent and represented by court-appointed counsel, he appealed that decision on September 2, 1993; we affirmed the conviction on October 12, 1995; eight days later, the State, as prevailing party, submitted a cost bill for $3,493.26. This amount included the costs of reproduction of the briefs, verbatim transcripts, clerk's papers, the filing fee, and the fee paid to Blank's court-appointed counsel. The State based its request on RAP 14.2 and 14.3, which provide for the award of costs to the prevailing party, and on RCW 10.73.160, which includes in such costs the monies expended on behalf of indigent defendants. Blank presents three challenges to the statute.

I

RCW 10.73.160 became effective July 23, 1995.[1] Blank contends that the statute is punitive in nature and that its application to his case violates the ex post facto clauses of the state and federal constitutions.

---

[1]The new statute, Laws of 1995, ch. 275, provides in relevant part:

NEW SECTION. Sec. 3. A new section is added to chapter 10.73 RCW to read as follows:

(1) The court of appeals, supreme court, and superior courts may require an adult or a juvenile convicted of an offense or the parents or another person legally obligated to support a juvenile offender to pay appellate costs.

■ The ex post facto clauses prohibit retroactive application of only those statutes that affect substantive, rather than procedural matters, and alter the standard of punishment that existed under prior law. *State v. Ward*, 123 Wn.2d 488, 498, 869 P.2d 1062 (1994). RCW 10.73.160 does neither.

■ ■ Contrary to Blank's contention, the statute does not add to the punishment for the crime. The fact that it is burdensome does not make it punitive. *Ward*, 123 Wn.2d at 499. The requirement that litigants bear the costs of their litigation exists in both civil and criminal cases. This statute does not define or punish criminal behavior; its purpose is remunerative, rather than retributive or deterrent. *Detonics ".45" Assocs. v. Bank of Cal.*, 97 Wn.2d 351, 354, 644 P.2d 1170 (1982). It pertains to a responsibility, not a punishment. *See Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963); *Ward*, 123 Wn.2d at 499.

Neither is RCW 10.73.160 substantive. It does not create a new right to attorney's fees, as Blank suggests, and it does not take away a vested right. It does not affect Blank's right of appeal, or his right to public funds to

---

(2) Appellate costs are limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction or sentence or a juvenile offender conviction or disposition. Appellate costs shall not include expenditure to maintain and operate government agencies that must be made irrespective of specific violations of the law. Expenses incurred for producing a verbatim report of proceedings and clerk's papers may be included in costs the court may require a convicted defendant or juvenile offender to pay.

(3) Costs, including recoupment of fees for court-appointed counsel, shall be requested in accordance with the procedures contained in Title 14 of the rules of appellate procedure and in Title 9 of the rules for appeal of decisions of courts of limited jurisdiction. An award of costs shall become part of the trial court judgment and sentence. . . .

(4) A defendant or juvenile offender who has been sentenced to pay costs and who is not in contumacious default in the payment may at any time petition the court that sentenced the defendant or juvenile offender for remission of the payment of costs or of any unpaid portion. If it appears to the satisfaction of the sentencing court that payment of the amount due will impose manifest hardship on the defendant, the defendant's immediate family, or the juvenile offender, the sentencing court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

finance it, if he is indigent. He does not have, and never did have, a right to an appeal at public expense, if he can afford to pay for that appeal. The statute simply provides a mechanism for recouping the funds advanced to ensure his right of appeal. It is clearly procedural. *See Mackey v. American Fashion Inst. Corp.*, 60 Wn. App. 426, 430, 804 P.2d 642 (1991).[2]

## II

■ Likewise unpersuasive is Blank's argument that RCW 10.73.160 unconstitutionally "chill[s]" a defendant's right to an appeal. Recoupment statutes are constitutional even if applied against indigent criminal defendants. *See State v Keeney*, 112 Wn.2d 140, 141-42, 769 P.2d 295 (1989); *State v. Barklind*, 87 Wn.2d 814, 818, 557 P.2d 314 (1976); *State v. Phillips*, 65 Wn. App. 239, 243-44, 828 P.2d 42 (1992); *State v. Eisenman*, 62 Wn. App. 640, 646, 817 P.2d 867 (1991); *State v. Obert*, 50 Wn. App. 139, 143, 747 P.2d 502 (1987). The statute does not require compliance by defendants who are unable to repay these expenses. *See Barklind*, 87 Wn.2d at 817-18. *See* RCW 10.73.160(4).

■ In addition, the imposition of appellate costs, including the expenses borne by the Indigent Defense Fund, is discretionary. RCW 10.73.160(1). A defendant may file an objection to a cost bill, along with supporting evidence that the circumstances of the particular case do not warrant imposition of all or part of the amount the State requested. An indigent defendant is not in a more onerous position than a nonindigent defendant who must evaluate the merits of his claim with his own financial situation

---

[2]The *Mackey* court held to be procedural a statute amending RCW 4.84.20 to raise the limit under which attorney fees are available. However, it also held that the statute was not being retroactively applied when it was applied to cases that were pending at the time the statute became effective, pointing out that the "statutory attorney's fee provisions in effect at the *termination* of the action are controlling." *Mackey*, 60 Wn. App. at 430 (citing *City of Bellingham v. Eiford Constr. Co.*, 10 Wn. App. 606, 608, 519 P.2d 1330, *review denied*, 84 Wn.2d 1002 (1974)).

and the possibility that the court may order him to pay the State's costs.

## III

Finally, Blank's argument that the State should be precluded from recovering costs in this case because it did not request them in its brief, as required by RAP 18.1(b), is not persuasive. RCW 10.73.160(3) directs a party seeking costs to proceed under Title 14 of the Rules of Appellate Procedure. Those rules do not require a request for costs in a party's brief.

In summation, we find that RCW 10.73.160 is a valid procedural statute, which can be applied retroactively. The Defendant has not objected to the amount of the costs and expenses requested by the State, and that amount is reasonable. We therefore award the State $3,493.26. We remand to the superior court for entry of that amount as part of the judgment and sentence. RCW 10.73.160(3).

SEINFELD, C.J., and TURNER, J., concur.

Motion for discretionary review granted June 4, 1996.