[No. 42526-9-I.    Division One.    June 28, 1999.]

THE STATE OF WASHINGTON, *Appellant*, v. MANSUR SULAYMAN, *Respondent*.

*Norm Maleng, Prosecuting Attorney*, and *David L. Ryan, Deputy*, for appellant.

*Neil Martin Fox* of *Seattle-King County Public Defender Association*, for respondent.

GROSSE, J. — The State appeals Sulayman's sentence, arguing that the sentencing court erred by refusing to consider Sulayman's 1986 juvenile adjudications in computing his offender score. Sulayman argued, and the sentencing court agreed, that considering the adjudications would result in a retroactive application of the statute. But a statute operates prospectively when the precipitating event for its application occurs after the effective date of the statute, and the precipitating event in this case was Sulayman's current conviction. The sentencing court erred. We remand

for resentencing and, in doing so, direct the court to give Sulayman credit for his nondetention probationary time.

## FACTS

At sentencing, Sulayman's criminal history included five adult felony convictions and two juvenile adjudications. The adjudications were dated February 25, 1994. Including the adjudications, the State argued that the standard range was 12 months and 1 day to 14 months. The State recommended a sentence of 12 months and 1 day.

The former version of RCW 9.94A.360(1) would have resulted in the exclusion of Sulayman's juvenile adjudications in computing his offender score. But the amended 1997 statute, in effect at the time of Sulayman's current conviction, contains no such exclusion. The sentencing judge excluded the juvenile adjudications, reasoning that including them would constitute an improper "retroactive" application of the sentencing statute in violation of Sulayman's due process rights. Without the adjudications, the standard range was 4 to 12 months. The court sentenced Sulayman to 12 months' incarceration and 12 months' community supervision. The State appeals.

## DISCUSSION

1. Consideration of Sulayman's prior juvenile adjudications in computation of his offender score is not a retroactive application of the sentencing statute.

■ Sulayman argued during sentencing that the State's proposed inclusion of two prior juvenile adjudications in his offender score would violate his due process rights because he had a vested right in their exclusion when he pleaded guilty to the offenses in reliance on the preexisting statute. We reach only the merits of his vested rights claim, however, if we accept Sulayman's initial premise that this case presents a retroactive application of the statute. It does not.

■ "Generally, a statute operates prospectively when the precipitating event for its application occurs after the effective date of the statute."[1] A "statute does not operate retroactively 'merely because it relates to prior facts or transactions where it does not change their legal effect. It is not retroactive because some of the requisites for its actions are drawn from a time antecedent to its passage . . . .' "[2]

In *State v. Randle*,[3] Randle argued that the use of his pre-Sentencing Reform Act of 1981 (SRA) juvenile adjudications to calculate his offender score violated state and federal ex post facto provisions. We noted that the "critical question in determining if a law is retrospective is 'whether the law changes the legal consequences of acts completed before its effective date.' "[4] We held that Randle's argument rested on the "flawed premise" that the use of prior convictions to determine or enhance a sentence for the current crime constituted additional punishment for the prior offense.[5] We stated that "any enhanced penalty in such circumstances is imposed solely for the last crime, even though prior offenses or actions are taken into account."[6] Our analysis in Randle's ex post facto claim is equally applicable to Sulayman's due process claim.

Similarly, in *State v. Cruz*,[7] we evaluated the revised "wash-out" provisions of RCW 9.94A.360 and concluded that the statute applied prospectively. Cruz had argued that his prior conviction should not have counted as a strike because under the former statute the conviction would have

---

[1]*State v. Humphrey*, 91 Wn. App. 677, 682, 959 P.2d 681 (1998), *review granted*, 137 Wn.2d 1008 (1999).

[2]*State v. Blank*, 131 Wn.2d 230, 248, 930 P.2d 1213 (1997) (citation omitted).

[3]*State v. Randle*, 47 Wn. App. 232, 734 P.2d 51 (1987).

[4]*Id.* at 240-41 (citation omitted).

[5]*Id.* at 241.

[6]*Id.*

[7]*State v. Cruz*, 91 Wn. App. 389, 398-99, 959 P.2d 670 (1998), *review granted*, 137 Wn.2d 1008 (1999).

washed out. We held the amendment was prospective as applied to Cruz because it applied only to the crime for which he was presently being sentenced.[8] "Had he not committed another crime after 1989, the amendment would have had no affect on him at all."[9]

These cases are distinguishable from *State v. T.K.*,[10] cited by Sulayman, in that the precipitating event in *State v. T.K.* was T.K.'s juvenile adjudication. The statute in effect at the time of T.K.'s adjudication required the court to grant a motion to expunge his juvenile record two years after his discharge from state agency supervision if he had committed no other offenses. After the two-year period, but before T.K. filed his request, the Legislature amended the statute, no longer making the grant of the motion mandatory. The statute at issue in *State v. T.K.* related directly and solely to punishment for his juvenile adjudication, attaching new legal consequences to events completed before its enactment.

The provision at issue here does not come into effect until after the completion of a criminal act entirely unrelated to Sulayman's juvenile adjudications. As a result, as was the case in *Randle* and *Cruz*, the precipitating event was Sulayman's current conviction. The court erred in adopting Sulayman's due process argument because the statute did not have to be applied retroactively to include the adjudications.

2. The State's appeal is not moot because inclusion of the adjudications results in a longer standard range.

Sulayman contends that the State's appeal is moot because he has already served a more onerous sentence. He argues that the few extra hours he would have to serve under the State's recommended sentence would be more than outweighed by the length of time he has served under community supervision. We disagree.

---

[8]*Id.* at 399.

[9]*Id.*

[10]*State v. T.K.*, 94 Wn. App. 121, 971 P.2d 121, *review granted*, 137 Wn.2d 1027 (1999).

While the SRA does not authorize community supervision in this case,[11] Sulayman correctly acknowledges that the high end of the standard range is 14 months, with a maximum sentence of five years.[12] The sentencing court does not have to accept the State's recommendation. Because we cannot discern from the record whether the trial court would have entered a sentence of the same length had it known that community service was unavailable, the appeal is not moot and we must remand for resentencing.

■■ Such a result is not in conflict with Sulayman's double jeopardy rights. In the multiple punishment context, " 'the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' "[13] The Legislature has not provided that credit be given for this type of punishment under these facts. And the Washington Supreme Court has held that while the constitution requires full credit be given for "postsentence probationary jail time,"[14] credit is not constitutionally mandated for "nondetention probation time."[15]

We further note that treating nondetention probation time as equivalent to jail time in this case could result in a defendant with a lower offender score receiving a harsher sentence than a defendant with a higher offender score. This clearly was not within the Legislature's intent. Moreover, the maximum sentence in this case is five years. A sentence of one year incarceration and one year community supervision is not, as a matter of law, punishment greater than the Legislature intended. Remand to correct the erro-

---

[11]*See State v. Hale*, 94 Wn. App. 46, 971 P.2d 88, 94 (1999).

[12]Br. of Resp't, at 9 n.7.

[13]*Jones v. Thomas*, 491 U.S. 376, 381, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989) (citation omitted).

[14]*State v. Phelan*, 100 Wn.2d 508, 516, 671 P.2d 1212 (1983).

[15]*State v. Speaks*, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992) (citing *In re Personal Restraint of Phelan*, 97 Wn.2d 590, 598, 647 P.2d 1026 (1982)); *In re Personal Restraint of Knapp*, 102 Wn.2d 466, 470-71, 687 P.2d 1145 (1984).

neously imposed sentence in this case does not violate the double jeopardy clause.[16]

Although not constitutionally mandated, we direct that the sentencing court consider and credit as it deems appropriate time Sulayman spent under community supervision. Although argued by Sulayman, the error in refusing to count Sulayman's juvenile adjudications in his offender score and the resulting sentence to community supervision was that of the sentencing court. And when the State appealed, it did not seek a stay of the court's order. The interest of justice would not be served by denying Sulayman some credit for this time.

We vacate the sentence and remand for resentencing in accordance with this opinion.

BECKER and ELLINGTON, JJ., concur.

---

[16]*See State v. Freitag*, 127 Wn.2d 141, 145, 896 P.2d 1254, 905 P.2d 355 (1995).