[No. 67212-1. En Banc.]

Argued May 11, 1999.     Decided September 16, 1999.

THE STATE OF WASHINGTON, *Respondent*, v. DONALD HUMPHREY, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT PHILLIP PAYNE, *Defendant*, RUVIN AZRIEL MUNDEN, *Petitioner.*

*Nielsen, Broman & Associates, P.L.L.C.*, by *Eric Broman, Dana M. Nelson*, and *Lindsay Brown*, for petitioners.

*Norm Maleng, Prosecuting Attorney*, and *Charles W. Lind, Deputy*, for respondent.

Guy, C.J. — In these consolidated cases appellants Humphrey and Munden seek review of the Court of Appeals' decision that the appellants pay a victim penalty assessment

of $500. An amendment to RCW 7.68.035(1)(a), effective June 6, 1996, raised the amount of the victim penalty assessment from $100 to $500. Although each defendant had committed his offense prior to the effective date of the amendment, he was convicted after the effective date. The trial court, reasoning that the application of the statute was triggered by the date of conviction and not by the date of the offense, assessed the defendants the higher penalty amount, and the Court of Appeals agreed.

We reverse. The amendment is presumed to apply prospectively because the language of the amendment does not indicate whether it is to be applied to offenses committed before its enactment. Prospective application of criminal statutes generally means application to offenses committed on or after the effective date of the statute. The size of the increase in the victim penalty assessment indicates that the amendment is not remedial. We hold that the 1996 amendment to RCW 7.68.035 shall be applied prospectively to offenses committed on or after June 6, 1996. Since their offenses were committed before that date, the defendants are liable for a victim penalty assessment of $100.

Because we do not apply the amendment to the defendants, we need not reach their constitutional claims.

## Facts

Appellant Donald Humphrey pleaded guilty on August 12, 1996 to the charge of attempted violation of the Uniform Controlled Substances Act (VUCSA), which he committed on December 5, 1995. On August 16, 1996 the trial court imposed upon Humphrey a suspended sentence and ordered probation. The court also imposed, in addition to other fees, a victim penalty assessment of $500. Humphrey's counsel objected, noting that $100 was the appropriate amount provided for by law at the time the offense was committed on December 5. The trial court cited an attorney general opinion (1982 Op. Att'y Gen. No. 9) concluding that the date of conviction determines the

amount of the assessment. Humphrey appealed the court's decision.

Appellant Ruvin Munden pleaded guilty on July 31, 1996 to the charge of taking a motor vehicle without permission. The crime was committed on May 21, 1995. Munden's pre-printed King County judgment and sentence form, executed on September 6, 1996, states, "Defendant shall pay Victim Penalty Assessments pursuant to RCW 7.68.035 in the amount of $100 if all crime(s) date prior to 6-6-96 and $500 if any crime date in the Judgment is after 6-5-96." Clerk's Papers (hereinafter CP) of Munden at 20-22. At Munden's sentencing on September 6, 1996, the same trial court that had sentenced Humphrey imposed a standard range sentence and a victim penalty assessment of $500. Munden's counsel objected to the amount of the assessment on the same grounds as the objection in Humphrey's case. Munden also filed an appeal. Humphrey's and Munden's cases were consolidated by the Court of Appeals.

On appeal Humphrey and Munden argued first that the trial court erred in interpreting the statute as allowing the trial court to apply the assessment retroactively and second that retroactive application of the statute violates due process and prohibitions against ex post facto laws. The Court of Appeals found that the plain language of the statute indicates that the assessment is imposed upon the finding of guilt and not before. *State v. Humphrey*, 91 Wn. App. 677, 681, 959 P.2d 681 (1998). The Court of Appeals also found that since ex post facto prohibitions apply only to laws inflicting criminal punishment and that payment of the victim penalty assessment did not constitute punishment, the appellants' ex post facto claim failed. *Humphrey*, 91 Wn. App. at 683-84, 685. The Court of Appeals' majority affirmed the trial court. *Id.* at 685. Court of Appeals Judge Ellington dissented. The dissent could find no indication in the statute that the Legislature intended it to apply retroactively, and presumed instead that the Legislature intended the amendment to operate prospectively, absent express or implied intent to the contrary. *Id.* at 685, 687. The dissent did not reach the other issues.

Humphrey and Munden petitioned for review by this court. In addition to the two issues decided by the Court of Appeals, the appellants raised an equal protection issue: that the statute as applied would treat unequally two classes of similarly situated individuals.

## Issue

Does the 1996 amendment to RCW 7.68.035(1)(a) apply to defendants who committed offenses before the effective date of the amendment but who were convicted after the amendment became effective?

## Discussion

Generally statutes are presumed to apply prospectively, unless there is some legislative indication to the contrary. *Macumber v. Shafer*, 96 Wn.2d 568, 570, 637 P.2d 645 (1981). Applying a statute prospectively is the opposite of applying it retrospectively. We apply a statute retrospectively when we apply it to events which occurred before its enactment. *In re Personal Restraint of Powell*, 117 Wn.2d 175, 185, 814 P.2d 635 (1991).

The first statutory issue to be decided is whether the plain meaning of the statute indicates that it applies retrospectively to offenses committed before its effective date. In 1973 the Legislature created a crime victims compensation account to aid innocent victims of criminal acts. LAWS OF 1973, 1st Ex. Sess., ch. 122, § 1. In 1977 a new statutory section directed that persons found guilty of certain classes of crimes would have to pay a penalty assessment which would help fund the account. LAWS OF 1977, 1st Ex. Sess., ch. 302, § 10. This section, RCW 7.68.035, was amended several times, and in 1996, the section was amended to increase the amount of the penalty assessment from $100 to $500. LAWS OF 1996, ch. 122, § 2(1)(a). The 1996 act took effect on June 6, 1996. LAWS OF 1996, General Information, § 5(a) at ii.

The State argues that because the plain meaning of the

statute indicates that the date of conviction, not the date of the offense, triggers the operation of the statute, courts may apply it to any offense as long as the date of conviction occurred after the effective date of the statute. The provision at issue reads as follows:

> (1)(a) Whenever any person *is found guilty* in any superior court of having committed a crime, except as provided in subsection (2) of this section, there shall be imposed by the court *upon such convicted person* a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor and two hundred fifty dollars for any case or cause of action that includes *convictions* of only one or more misdemeanors.

RCW 7.68.035(1)(a) (emphasis added). The Court of Appeals found that the emphasized words unambiguously indicate that the assessment is imposed upon the finding of guilt and that conviction triggers the operation of the statute. *State v. Humphrey*, 91 Wn. App. at 681-82. An attorney general opinion from 1982 interpreted the same language in a similar manner: "The operative event, under amended RCW 7.68.035(1) . . . remains (as before) a conviction or finding of guilt. It matters not when the crime itself was committed." 1982 Op. Att'y Gen. No. 9, at 9 (question 4).

We find another interpretation of the statute to be equally valid and more persuasive. The statute uses "whenever," not "when," and in so doing describes a relationship between a typical event and a necessary consequence. The statute does not use "when," which specifies a precise point in time. The language of the statute does not say that the operative, precipitating, or triggering event is a person's conviction. Unlike the attorney general opinion quoted above, this section does not use unambiguous language such as "operative event." Instead, this provision directs that the victim penalty assessments for gross misdemeanors and felonies shall be $500. This is a mandatory assess-

ment which courts shall impose upon persons convicted of such crimes. Even if one were to read this passage as attempting to specify a triggering event, one cannot tell whether the event is supposed to be the date of conviction or the date of sentencing. The passage could just as easily make the imposition of the sentence, not the finding of guilt, the triggering event. Because "whenever" does not refer to a precise instant in time, we interpret this section as remaining silent as to a precipitating event.

The prior history of the statute conflicts with the view that the section itself identifies a precipitating event. The original provision establishing a victim penalty assessment was enacted in 1977. The 1989 amendment to this section raised the amount of the assessment to $100 and included the following new language: "this act applies prospectively only and not retrospectively. It applies only to offenses committed on or after the effective date of this act." LAWS OF 1989, ch. 252, § 27. If the State's interpretation were correct, the statute, as amended in 1989, would have contained conflicting directives: one making the conviction the triggering event and the other making the offense the event. The 1989 statute makes more sense if one interprets the language in section 27 as making the offense as the precipitating event and the section codified as RCW 7.68-.035(1)(a) as not identifying any event at all.

Other evidence exists that the language of the statute is ambiguous or unclear about a triggering event. Neither the original 1977 statute nor the 1996 amendment contained the precise kind of direction provided by section 27 of the 1989 amendment. Parties have either misunderstood or been unsure of the language of the statute. The 1982 Attorney General Opinion was in response to inquiries from the Administrator for the Courts, who asked this question: "Does the penalty assessment provided for by RCW 7.68.035(1), as amended, apply in the case of a conviction, on or after March 27, 1982, of a crime committed prior to that date?" 1982 Op. Att'y Gen. No. 9, at 2 (Attorney General's paraphrase). More recently, the preprinted King

County judgment and sentence form for defendant Munden contained the following line: "Defendant shall pay Victim Penalty Assessments pursuant to RCW 7.68.035 in the amount of $100 if all crime(s) date prior to 6-6-96 and $500 if any crime date in the Judgment is after 6-5-96." CP of Munden at 21. The conflict between the statutory construction expressed in the form and the views of the trial judge demonstrate that the statute lacks an unambiguous plain meaning.

As a general rule, courts presume that statutes operate prospectively unless contrary legislative intent is express or implied. *In re Estate of Burns*, 131 Wn.2d 104, 110, 928 P.2d 1094 (1997) (citing *Macumber*, 96 Wn.2d at 570). An amendment is like any other statute and applies prospectively only. *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 460, 832 P.2d 1303 (1992). Since we find no clear legislative intent, we will presume that RCW 7.68.035 operates prospectively.

However, this court must still determine whether prospective application of the amendment allows for the imposition of the higher assessments on those convicted of offenses after the enactment date. A statute operates prospectively when the precipitating event for operation of the statute occurs after enactment, even when the precipitating event originated in a situation existing prior to enactment. *In re Estate of Burns*, 131 Wn.2d at 110-11 (citing *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974)). A statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment or it upsets expectations based in prior law. *In re Estate of Burns*, 131 Wn.2d at 111. The Court of Appeals in *Humphrey* reasoned that the precipitating event for operation of the statute was the conviction. *Id.* at 683. Even though the conviction originated in a crime committed prior to the enactment of the increase, it is the conviction that sets the assessment in motion. *Id.* The Court of Appeals concluded that applying the higher assessment to

the defendants was not a retrospective application of the statute. *Id.*

If the determination of what constitutes retrospective or prospective application of a statute were to depend solely on a precipitating-event analysis, we would be in the same position as we were when construing the intent of the statute. The language of the statute does not seem to indicate what the precipitating event is. There are other considerations which are more helpful. When determining whether a statute applies retrospectively, a court must ask whether the new provision attaches new legal consequences to events completed before its enactment. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994). The United States Supreme Court also uses this test in determining whether a law is ex post facto: "The critical question is whether the law changes the legal consequences of acts completed before its effective date." *Weaver v. Graham*, 450 U.S. 24, 31, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1980). A statute is not retroactive merely because it relates to prior facts or transactions where it does not change their legal effect. *State v. Scheffel*, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973). Every statute which creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective. *Scheffel*, 82 Wn.2d at 878. This court has defined, as part of the ex post facto test, "retrospectivity" as applying a law to events which occurred before its enactment. *In re Powell*, 117 Wn.2d at 185. In *Powell* we found the statute in question to be retrospective because it was applied to petitioners who had committed their crimes before its enactment. Similarly in *State v. Ward*, 123 Wn.2d 488, 498, 869 P.2d 1062 (1994), we concluded that the sex offender registration statute was retrospective because it was enacted after the defendants had committed their offenses and was being applied to them. Finally, the language of the 1989 amendment to RCW 7.68.035—"this act applies prospectively only and not retrospectively. It applies only to offenses commit-

ted on or after the effective date of this act" (LAWS OF 1989, ch. 252, § 27)—indicates that the legislature understands the retrospectivity or prospectivity of this statute to be defined by the date of the offense.

The amendment to RCW 7.68.035 raised the amount of the victim penalty assessment from $100 to $500. Persons convicted of committing crimes more serious than misdemeanors must pay the higher amount. Applying the law to someone who committed his offense before the enactment of the amendment is a retrospective application because it changes the legal consequences of the offense. The amendment creates a new obligation with respect to an act already past. This new obligation is of the nature of a liability and is not a penalty.[1] *Johnston v. Beneficial Management Corp. of Am.*, 85 Wn.2d 637, 642, 538 P.2d 510 (1975) ("a statute which creates a new liability or imposes a penalty will not be construed to apply retroactively."). Applying the amendment to Humphrey and Munden would be retrospective because it was enacted after Humphrey and Munden had committed their crimes.

■ Nevertheless, remedial amendments may be retroactively applied under certain circumstances. *In re F.D. Processing, Inc.*, 119 Wn.2d at 460. An amendment is deemed remedial and applied retroactively when it relates to practice, procedure or remedies, and does not affect a substantive or vested right. *In re Personal Restraint of Mota*, 114 Wn.2d 465, 471, 788 P.2d 538 (1990). The amendment should be applied retroactively only when doing so would further the remedial purpose. *In re F.D. Processing*, 119 Wn.2d at 463.

■ The legislature expressly stated that its purpose in enacting RCW 7.68.035 was remedial and that the increased assessment furthers that purpose:

It is the intent of the legislature to provide increased financial support for the county and state crime victim and witness

---

[1]The increase in the amount of the assessment would not therefore constitute punishment for the purposes of an ex post facto determination.

programs by requiring offenders to pay increased penalty assessments upon conviction of a gross misdemeanor or felony crime. . . . On the state level, the increased funds will allow the *remedial intent* of the crime victims compensation program to be more fully served.

LAWS OF 1996, ch. 122, § 1 (emphasis added). However, in deciding whether the increase is remedial or substantive, we look to the effect, not the form of the law. *Weaver,* 450 U.S. at 31. We find that the increase in the amount of the assessment from $100 to $500 is more in the nature of a new liability than a remedial increase in an already existing obligation. In *Macumber* we allowed retrospective application of an increase in the homestead exemption from $10,000 to $20,000 because the amendment was enacted in response to a constant rise in the cost of living. *Macumber,* 96 Wn.2d at 569-70. We found the increased dollar amount to be remedial in nature. *Id.* at 570. The increase in the amount of the victim penalty assessment from $100 in 1989 (LAWS OF 1989, ch. 252, § 29) to $500 in 1996 cannot be explained as a cost-of-living increase. Because the 1996 amendment to RCW 7.68.035 appears to create a new liability, we find it is not remedial and will not construe it to apply retroactively. *Beneficial Management,* 85 Wn.2d at 642.

Our decision to apply the 1996 amendment to RCW 7.68.035(1)(a) prospectively only makes it unnecessary to reach the defendants' constitutional claims concerning the ex post facto and equal protection clauses.

## Conclusion

The 1996 amendment to RCW 7.68.035(1)(a) applies prospectively to offenses committed on or after the effective date of the act. Reversed.

64

SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.

Reconsideration denied November 9, 1999.