IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38654-6-III |
| Respondent, | ) | (Consolidated with |
| | ) | No. 38655-4-III) |
| v. | ) | |
| | ) | |
| JAIME RAFAEL RIVERA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Jaime Rivera pleaded guilty to various offenses in 2018 under two separate superior court cause numbers. At sentencing the court found Rivera indigent and waived some legal financial obligations (LFOs) while imposing others including the victim penalty assessment, in both cases. In 2021, Rivera was resentenced, in both cases, pursuant to *Blake*.[1] The court again found Rivera indigent and maintained the previously imposed LFOs, in both cases. On appeal, Rivera challenges the imposition of the LFOs. In addition to arguing that the fees and assessments should not have been imposed, Rivera contends for the first time on appeal that the victim penalty assessment violates the constitutional prohibition against excessive fines.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

We accept the State's concession on several LFOs, but deny Rivera's constitutional challenge and uphold the imposition of the victim penalty assessment in both of his cases.

BACKGROUND

In 2018, Jaime Rivera pleaded guilty to first degree kidnapping, two separate counts of first degree robbery, first degree burglary, and second degree unlawful possession of a firearm. The sentencing court found that Rivera was indigent in both of his cases and waived discretionary LFOs but imposed mandatory fees including the criminal filing fee, victim penalty assessment, community custody supervision fee, and the DNA[2] fee.

In 2021, Rivera was resentenced pursuant to *Blake*. *Id.* At resentencing, the State agreed that some of Rivera's prior convictions needed to be vacated, and the court resentenced him based on a corrected offender score. In both cases, the sentencing court maintained the previously imposed criminal filing fee, supervision fee, victim penalty assessment, and DNA fee.

Rivera appeals the imposition of the fees and assessments, in both of his cases.

---

[2] Deoxyribonucleic Acid.

ANALYSIS

Rivera argues that the discretionary LFOs imposed on him, including the criminal filing fee, DNA fee, and DOC[3] supervision fee, should be struck because he was found to be indigent. The State concedes that these LFOs should be struck and agrees to enter an order amending Rivera's judgment and sentence documents to remove these fees. We agree.

On remand, the court should strike the criminal filing fee (RCW 36.18.020(h)), and the DNA fee (RCW 43.43.7541). The DOC supervision fees should also be struck. *State v. Wemhoff*, 24 Wn. App. 2d 198, 519 P.3d 297 (2022) (LAWS OF 2022, ch. 29 applies to all cases on direct appeal as of July 1, 2022.).

Rivera contends that the $500 victim penalty assessment imposed on him is unconstitutional under article I, section 14 of the Washington State Constitution which prohibits excessive fines. The State argues that because Rivera did not object to the imposition of the victim penalty assessment at the trial court level, he is precluded from raising the issue on appeal. Alternatively, the State contends that if we do reach the issue of the constitutionality of the victim penalty assessment imposed on Rivera, it was nevertheless constitutional. We find that Rivera is not precluded from raising the issue on appeal but that the victim penalty assessment is not punitive and is therefore not

---

[3] Department of Corrections

subject to constitutional challenges under the excessive fines clause. Further, even if the victim penalty assessment is considered punitive, the victim penalty assessment imposed on Rivera was nevertheless constitutional.

The threshold question is whether Rivera can raise the issue of the constitutionality of the victim penalty assessment imposed on him for the first time on appeal. RAP 2.5(a) states that a party may raise, for the first time on appeal, a "manifest error affecting a constitutional right." To meet RAP 2.5(a) an appellant must demonstrate "(1) the error is manifest, and (2) the error is truly of constitutional dimension." *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). In other words, the appellant must "'identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights.'" *Id.* (quoting *State v. Kirkman*, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007)). In analyzing whether a constitutional error is manifest, "[w]e look to the asserted claim and assess whether, if correct, it implicates a constitutional interest." *Id.*

Here, Rivera contends that the issue is manifest because the trial court ordered him to pay an amount that he cannot pay. Further, Rivera argues that the error is of a constitutional magnitude because it affects his constitutional right to not face disproportionate punishment in the form of an excessive fine. The issue, if Rivera is correct, is of constitutional magnitude and it is manifest in that it potentially requires him

4

to pay an excessive fine.  Consequently, we will address the issue of whether the victim

penalty assessment imposed on Rivera was unconstitutional.  RAP 2.5(a).

Turning to the merits of the issue, Rivera contends that the victim penalty

assessment is a "fine" and therefore punitive because it is described as a "penalty

assessment" and is only imposed as a result of a criminal conviction.  RCW 7.68.035.

Rivera states, without citation to authority, that a mandatory fine imposed as a result of a

criminal conviction is punitive.  We disagree and hold that the victim penalty assessment

is not punitive and is not excessive.

"The excessive fines clause 'limits the government's power to extract payments,

whether in cash or in kind, as punishment for some offense.'"  *City of Seattle v. Long*,

198 Wn.2d 136, 159, 493 P.3d 94 (2021) (internal quotation marks omitted) (quoting

*Austin v. United States*, 509 U.S. 602, 609-10, 113 S. Ct. 2801, 125 L. Ed. 2d 488

(1993)).  Consequently, a qualifying "fine" is a payment to a sovereign as punishment for

an offense.  *Id.*  Therefore, to trigger the excessive fines clause, a sanction must be a

"fine" and it must be "excessive."  *Id.* at 162.

Under RCW 7.68.035, a superior court must include a victim penalty assessment

in a criminal judgment regardless of a defendant's financial status.  *State v. Seward*, 196

Wn. App. 579, 587, 384 P.3d 620 (2016); *State v. Mathers*, 193 Wn. App. 913, 917 n.1,

928-29, 376 P.3d 1163 (2016).  For purposes of the excessive fines clause, Washington

courts have held that this assessment is neither punitive nor excessive.

5

In *State v. Humphrey*, 139 Wn.2d 53, 62, 983 P.2d 1118 (1999), the Supreme Court recognized that the victim penalty assessment established a new liability, not a penalty. The Court went on to note that the victim penalty assessment does not "constitute punishment for the purposes of ex post facto determination." *Id.* at 62 n.1. In *Mathers*, 193 Wn. App. at 920, this court considered a constitutional challenge to the victim penalty assessment. Following the reasoning in *Humphrey*, the court held that "the [victim penalty assessment] fee is [ ] not punitive in nature." *Id*.

In *State v. Curry*, 118 Wn.2d 911, 918, 829 P.2d 166 (1992), the Supreme Court held that "the victim penalty assessment is neither unconstitutional on its face nor as applied to indigent defendants." In *State v. Tatum*, our court acknowledged that while *Curry's* reasoning is vague, we are bound by its holding when applying the victim penalty assessment to indigent defendants. 23 Wn. App. 2d 123, 130, 514 P.3d 763 (2022).

More recently, in an unpublished decision, Division One cited *Humphrey* in support of its holding that the victim penalty assessment did not violate the excessive fines clause because it was non-punitive. *State v. Clement*, No. 82476-7-I, slip op. at 2-3 (Wash. Ct. App. Mar. 21, 2022) (unpublished), https://www.courts.wa.gov/opinions /pdf/824767.pdf.

In addition to our conclusion that the victim penalty assessment is not punitive, Rivera has failed to demonstrate that the assessment is excessive. In determining whether

a fine is excessive, courts focus on a defendant's ability to pay. *Long*, 198 Wn.2d at 162.

This determination is made at the time the government attempts to collect the fine, not

when the fine is imposed. *Curry*, 118 Wn.2d at 917-18.

Division One and Division Three have both recognized that the excessive fines

prohibition is not implicated until and unless the government attempts to enforce the

collection of the fine at a time when the defendant is unable to pay. *State v. Widmer*, No.

82744-8-I (Wash. Ct. App. Mar. 21, 2022) (unpublished), https://www.courts.wa.gov

/opinions/pdf/827448.pdf; *State v. Rowley*, 38281-8-III, slip op. at 1-2 (Jan. 19, 2023)

https://www.courts.wa.gov/opinions/pdf/382818_unp.pdf. Here, Rivera has not

demonstrated that the State has made any attempt to collect the assessment.

Rivera acknowledges both *Clement* and *Widmer* but urges us to depart from their

reasoning because they are unpublished and they are "wrongly decided." Br. of

Appellant at 16. In *Rowley* we declined to depart from these two cases and we do so in

this case as well. Instead we hold that the victim penalty assessment is not punitive and

is therefore not subject to constitutional challenge under the excessive fines clause and

even if it were considered a fine, Rivera has failed to show it is excessive. In sum, we

conclude that the victim penalty assessment is neither punitive nor excessive in the record

before us. Consequently, we reject Rivera's contention that the $500 victim penalty

assessment imposed on him violated the excessive fines clause.

No. 38654-6-III (Consol. with No. 38655-4-III)
*State v. Rivera*


We remand with instructions to strike the criminal filing fee, the DNA fee, and

DOC supervision fee from both cases.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

I CONCUR:

_____
Lawrence-Berrey, A.C.J.

No. 38654-6-III (consolidated with No. 38655-4-III)

FEARING, J. (concur in part and dissent in part): I concur in the majority's ruling that strikes the criminal filing fee, DNA fee, and Department of Corrections supervision fee from Jaime Rivera's judgment and sentence.

I dissent in the majority's ruling affirming the $500 victim penalty assessment imposed on Jaime Rivera. The State concedes to the indigency of Rivera. I would declare the penalty assessment unconstitutional as applied to Rivera as explained in my dissenting opinion in *State v. Rowley*, 38281-8-III, slip op. at 1 (Wash. Ct. App. Jan. 19, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/382818_unp.pdf.

I concur in part and dissent in part:

_____
Fearing, J.