[Nos. 9197–6–II; 10091–6–II.   Division Two.   December 23, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY D. OBERT, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK GLOVER, *Appellant.*

*Jeffrey J. Jahns,* for appellants (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* for respondent.

REED, C.J.—Defendants Obert and Glover seek modification of the ruling of the clerk of this court on costs.

The Pierce County Juvenile Court found defendant Obert guilty of one count of assault in the second degree and one count of taking a motor vehicle without the owner's permission on April 7, 1986. Obert promptly sought appellate review of the determination and he requested prosecution of the appeal at public expense. The Pierce County Juvenile Court entered an order of indigency on May 20, 1986. The order grants to defendant the assistance of counsel and reproduction of documents at public expense.

On appeal, this court affirmed the judgment of the trial court. The State then submitted a cost bill, pursuant to RAP 14.3. It requested $125 attorney fees under RCW 4.84.080 and $35.47 compensation for reproducing respondent's brief. The clerk awarded costs and attorney fees to the State.

Obert moved to modify the ruling of the clerk on costs. He alleged that the statute upon which the State based its request for attorney fees, RCW 4.84.080, does not apply in criminal cases and that an order of indigency precludes any award of costs for reproducing the State's brief. This court ordered the State to respond to the issues raised.

The State submitted a response but it did not address the issues as requested by the court. The State merely

asserted that indigent defendants may receive "an appellate remedy superior to that of non–indigent defendants"; that because of their "privileged" position indigent defendants should not raise frivolous issues; and that "many defendants have sufficient funds to cover . . . costs . . . in their prison accounts."

Defendant Glover was convicted of one count of reckless endangerment and of assault in the second degree on August 6, 1985. Glover filed his notice of appeal and requested appellate review at public expense. The Pierce County Superior Court authorized the employment of counsel for review and the reproduction of documents at public expense. The attorney appointed to represent Glover filed an appellate brief on April 14, 1986, and pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) and RAP 15.2(h), he moved the court for permission to withdraw as counsel for defendant. This court dismissed Glover's appeal and permitted counsel to withdraw on July 10, 1987.

The State filed a cost bill on July 16, 1987. It requested $125 statutory attorney fees, pursuant to RCW 4.84.080, and $30.71 reimbursement for the reproduction of respondent's brief. The clerk awarded costs to the State. Glover objected to the award, alleging that RCW 4.84.080, the statute upon which the State based its request for attorney fees, did not apply in criminal cases and that the indigency order relieved him of the responsibility to pay reproduction costs.

This court directed the State to file a response addressing the issues defendant raised. The State filed a brief, but again it did not address the issues raised in defendant's motion, as requested. The State asserted that requiring it "to file responses in *Anders* briefs . . . is an unnecessary duplication of governmental resources and a misallocation of precious county monies and time."

A party may recover attorney fees only if a contractual agreement, a recognized ground of equity or a statute authorizes the award of fees. *Walter Implement, Inc. v.*

*Focht,* 107 Wn.2d 553, 561, 730 P.2d 1340 (1987). This doctrine applies to criminal as well as to civil cases. *Pierce Cy. v. Magnuson,* 70 Wash. 639, 641, 127 P. 302 (1912).

■ The State requests statutory attorney fees in the cases of both Glover and Obert. It urges that RCW 4.84.080 authorizes the award of attorney fees in these criminal actions. RCW 4.84.080 provides:

> 4.84.080 Schedule of attorneys' fees. When allowed to either party, costs to be called the attorney fee, shall be as follows:
> (1) In all actions where judgment is rendered, one hundred twenty–five dollars.
> (2) In all actions where judgment is rendered in the supreme court or the court of appeals, after argument, one hundred twenty–five dollars. [1985 c 240 § 1; 1981 c 331 § 3; 1975–'76 2nd ex.s. c 30 § 2; Code 1881 § 512; 1877 p 108 § 516; 1869 p 124 § 464; 1854 p 202 § 374; RRS § 481.]

The legislative history of RCW 4.84.080 reveals the intent of the Legislature to limit application of this provision to civil cases. The Legislature enacted the statute in 1854, and in 1869, to "Regulate the Practice and Proceedings in Civil Actions." AGO (Aug. 4, 1944), at 270–71. The Legislature reiterated, in 1975, that RCW 4.84.080 was "AN ACT Relating to civil procedure". Laws of 1975, 2d Ex. Sess., ch. 30, § 2. And, in 1985, the Legislature increased the amount of attorney fees allowed to either party under the act, but it did not expand the scope of the act's application to include criminal proceedings. Laws of 1985, ch. 240, § 1. It is the role of the Legislature, not this court, to amend the act or expand the scope of its application. Because RCW 4.84.080 does not authorize an award of attorney fees in criminal cases, the request of the State for attorney fees must be denied.

■ Defendants also object to the award of costs for reproduction of respondent's brief. They allege that an award of reproduction costs violates the orders of indigency entered in their cases and impedes the indigent defendant's

access to appellate review. The Rules of Appellate Procedure, however, do not prohibit an award of costs against indigent parties.

Rule of Appellate Procedure 14.2 identifies who is entitled to costs. The rule states, in mandatory terms, that the clerk will award costs to "the party that substantially prevails on review". RAP 14.2. It does not distinguish between indigent or nonindigent parties.

RAP 14.3(c), entitled "Special Rule for Indigent Review", prohibits an indigent party from recovering costs for expenses paid with public funds. RAP 14.3(c). The rule specifically does not relieve indigent parties of the responsibility to pay costs reasonably necessary for review. Further, Title 15 of the Rules of Appellate Procedure, which exclusively relates to the rights of indigent parties, also does not prohibit the award of costs against indigent defendants. The rules were adopted to ensure equal access to the courts. However, once defendants enjoy full participation in the process of appellate review, the Rules of Appellate Procedure clearly allow the assessment against them of reproduction and other costs as a reasonable expense necessary for review.

The request of the defendants to modify the ruling of the clerk on statutory attorney fees as costs is granted. The motion of the defendants to modify the ruling of the clerk as to other costs is denied.

PETRICH and ALEXANDER, JJ., concur.

Reconsideration denied March 18, 1988.