[No. 55051-4.  En Banc.  March 2, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. KEVIN ALLEN
KEENEY, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron
Fine, Deputy,* for petitioner.

*Helen A. Anderson* of *Washington Appellate Defender
Association,* for respondent.

CALLOW, C.J.—On January 23, 1986, Kevin Allen Keeney,
a 17–year–old, was convicted in juvenile court of one count
of first degree rape and one count of second degree rape.
He was sentenced from 124 to 157 weeks of confinement.
He appealed. The court, finding him indigent, appointed

counsel to represent him on the appeal. Ultimately, appointed counsel filed a motion to withdraw asserting that there were no arguable grounds for the appeal. The State filed a response in agreement with the defendant's attorney that the appeal was frivolous. The motion to withdraw was granted and the appeal dismissed.

On December 3, 1987, the State filed a cost bill requesting $125 as statutory attorney fees and $33.31 as other costs. The Commissioner denied the request for statutory attorney fees and awarded other costs to the State, following *State v. Obert*, 50 Wn. App. 139, 747 P.2d 502 (1987), which held that the attorney fee provisions of RCW 4.84-.080 do not apply to criminal cases. We accepted discretionary review in this case to put the matter to rest on a statewide basis.

The State claims $125 as statutory attorney fees under the provisions of RCW 4.84.080. Title 4 of the Revised Code of Washington is entitled Civil Procedure. RCW 4.84-.080 can be found under Title 4 Civil Procedure and reads:

Schedule of attorneys' fees. When allowed to either party, costs to be called the attorney fee, shall be as follows:

(1) In all actions where judgment is rendered, one hundred twenty–five dollars.

(2) In all actions where judgment is rendered in the supreme court or the court of appeals, after argument, one hundred twenty–five dollars.

The State argues that the party that loses the suit should pay costs to the adversary. *State v. Pearl*, 163 Wash. 268, 274, 1 P.2d 315 (1931). The defendant challenges the State's entire cost bill, not just the statutory attorney fees, claiming that imposing costs on every unsuccessful criminal appellant is excessive and may chill defendants from exercising a basic constitutional right. However, *State ex rel. Lemon v. Coffin*, 52 Wn.2d 894, 327 P.2d 741, 332 P.2d 1096 (1958), held that "[b]y the terms of RCW 4.84.030, the prevailing party is entitled as a matter of right to the items of costs as provided in RCW 4.84.080 . . . and, in addition,

to other specific items as provided in RCW 4.84.090". *Lemon,* at 896–97. *Costs* have been awarded to the successful party in criminal cases since early statehood. *King Cy. v. Seattle,* 195 Wash. 293, 297, 80 P.2d 838 (1938); *State v. Crockett,* 159 Wash. 303, 293 P. 287 (1930); *State v. Rutledge,* 40 Wash. 9, 11, 82 P. 126 (1905). The State is entitled to recover statutory costs.

The term "costs," however, does not include statutory attorney fees in this context. "[T]he general rule is that counsel fees are not costs either in suits in equity or actions at law." *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 102, 111 P.2d 612 (1941).

■ ■ Nothing in RCW 4.84.080 provides for recovery of statutory attorney fees in criminal matters. The statute could have provided for this had the Legislature intended the statute to apply in criminal matters. We may not provide perceived missing language and language, clear upon its face, does not require or permit judicial interpretation. *State v. Martin,* 94 Wn.2d 1, 22, 614 P.2d 164 (1980); *In re Frederick,* 93 Wn.2d 28, 30, 604 P.2d 953 (1980) and cases cited therein. Where no ambiguity exists in a statute, there is nothing to interpret. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979); *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971).

Attorney fees are recoverable only when authorized by a private agreement of the parties, by statute or a recognized ground of equity. *Mellor v. Chamberlin,* 100 Wn.2d 643, 649, 673 P.2d 610 (1983); *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.,* 97 Wn.2d 412, 413, 645 P.2d 693 (1982). In the absence of contract, statute, or a recognized ground of equity, a court has no power to award attorney fees as part of the litigation. *Walter Implement, Inc. v. Focht,* 107 Wn.2d 553, 561, 730 P.2d 1340 (1987); *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 540, 585 P.2d 71 (1978).

The State claims costs and attorney fees under RCW 4.88.260 which states:

> A party who substantially prevails in an opinion of the supreme court or court of appeals shall, when the opinion becomes final, be allowed costs for expenses incurred by him, irrespective of costs taxed in the case in the court below, as follows: . . . attorney fees . . . When an order is entered in a case, the court shall have discretion to allow costs for any or all of the items set forth above.

However, on January 28, 1976, Title 14 of the Rules of Appellate Procedure was adopted. RAP 18.22 specifically provides that RCW 4.88.260 is superseded. Title 14 contains six different rules which cover the same area as RCW 4.88.260. Rule 14.1 provides for the appellate court to make the determination of costs. Rule 14.2 titled "Who Is Entitled to Costs", does not make a criminal defendant's indigency a bar to the award of costs against him. Comment, RAP 14.2, 86 Wn.2d 1225 (1977). Rule 14.2 only provides that the party substantially prevailing on review is entitled to costs. Rule 14.3 allows statutory attorney fees and other reasonable expenses incurred to be awarded as costs and lists RCW 4.84 as a reference for costs. RAP 14.3(c) prohibits indigents from recovering costs from the State for expenses paid with public funds, RAP 14.4 requires that a party seeking costs must file a cost bill and RAP 14.5 provides the procedures for objecting to a cost bill.

The history of RCW 4.84.080 reveals an intent by the Legislature to limit this statute to civil actions. *State v. Obert,* 50 Wn. App. 139, 747 P.2d 502 (1987). The statute was first enacted in Laws of 1854, p. 202, § 374, under the title "Costs in Civil Actions." The statute read:

> When allowed to either party, costs shall be as follows:
> 1st. In all issues settled before issue is joined, five dollars;
> 2d. In all actions where judgment is rendered without a jury, ten dollars;
> 3d. In all actions where judgment is rendered after impanneling [*sic*] a jury, fifteen dollars;
> 4th. In all actions removed to the supreme court and settled before argument, ten dollars;
> 5th. In all actions when judgment is rendered in the supreme court, after argument, fifteen dollars.

This statute was reenacted in Laws of 1869, p. 124, § 464; Laws of 1877, p. 108, § 516; and in the Code of 1881, § 512. Each time the enactment occurred within a chapter entitled "Costs in Civil Actions". In 1975–76 legislative session, RCW 4.84.080 was amended allowing greater costs when the prevailing party is entitled to recover costs in a *civil* action. Laws of 1975, 2d Ex. Sess., ch. 30, § 2. The Court Congestion Reduction Act of 1981 amended RCW 4.84.080 raising the costs allowed to the attorney and deleting sections (1), (3), and (4). In 1985 the Legislature again amended RCW 4.84.080 raising the amount allowed to the prevailing party.

Neither the 1981 nor the 1985 amendments refer to RCW 4.84.080 as applying to either civil or criminal cases. However, RCW 4.84.080 remains under the title "Civil Procedure" in the code.

As early as 1909, it was held that "[t]he statute of this state fixes the attorney's fees that may be allowed to a successful litigant as costs in *civil actions,* and no additional fees for their prosecution should be allowed without statutory authority." (Italics ours.) *State ex rel. Maltbie v. Will,* 54 Wash. 453, 459, 103 P. 479, 104 P. 797 (1909). The early version of RCW 4.84.080 (Rem. Rev. Stat. § 481) fixed the amount of an attorney fee which would be allowed to a successful litigant as costs in a *civil action. State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 114, 111 P.2d 612 (1941). *State v. Obert, supra,* held that the Legislature intended to limit RCW 4.84.080 to civil cases only and determined that RCW 4.84.080 does not allow an award of attorney fees in criminal cases because it is part of "AN ACT Relating to civil procedure".

The Legislature has increased the amount of attorney fees allowed under RCW 4.84.080, but has not expanded the scope of the act to include criminal proceedings. We hold that RCW 4.84.080 does not apply to either party in criminal matters.

Neither does JuCR 1.4 permit the imposition of attorney fees in juvenile cases. JuCR 1.4 defines the applicability of

other rules in relation to the juvenile court rules. JuCR 1.4(a) provides that the Superior Court Civil Rules apply in proceedings other than those involving a juvenile offense when not inconsistent with the juvenile court rules and applicable statutes and JuCR 1.4(b) provides that the Superior Court Criminal Rules apply to juvenile offense proceedings when not inconsistent with the juvenile court rules and applicable statutes. Therefore, the Superior Court Criminal Rules apply, and not the civil rules. Attorney fees have been denied to the prevailing party in a juvenile offense proceeding based on the court's analysis that RCW 4.84 entitled "Costs" is under the general RCW Title 4, "Civil Procedure," and therefore, these statutes do not apply to criminal proceedings. *State v. Sizemore,* 48 Wn. App. 835, 838, 741 P.2d 572 (1987). RCW 4.84.080 is inapplicable to juveniles.

We hold it improper to award statutory attorney fees to the State against a losing criminal defendant whether that defendant has been charged as an adult or as a juvenile.

UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.