[No. 41646-4-I.   Division One.   November 22, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS ROBERTSON NOLAN, *Appellant*.

---

*Kathryn A. Russell* and *James R. Dixon*, for appellant.
*James H. Krider, Prosecuting Attorney*, and *David F. Thiele, Deputy*, for respondent.

KENNEDY, C.J. — Thomas Robertson Nolan asks us to modify the ruling of a commissioner of this court awarding

costs to the State as authorized by RCW 10.73.160, Title 14 of the Rules of Appellate Procedure, and *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997). Relying on *State v. Edgley*, 92 Wn. App. 478, 483-84, 966 P.2d 381 (1998), *review denied*, 137 Wn.2d 1026 (1999), Nolan contends that the purpose of awarding costs to the prevailing party on appeal is to discourage meritless appeals and that, although this court affirmed his conviction, because his appeal raised debatable issues the State's cost bill should be rejected. Nolan further contends that legislative intent and public policy require us to construe the recoupment statute to apply only to those indigents who bring appeals that are totally devoid of merit. But RCW 10.73.160 plainly provides that costs shall be requested in accordance with the procedures of Title 14 of the Rules of Appellate Procedure (RAP). RAP 14.2, in turn, plainly applies the prevailing party standard, except where the court may direct otherwise in its decision terminating review. Although the bounds of appellate court discretion to deny costs to the prevailing party have not been thoroughly analyzed in the case law, the recoupment statute provides that a defendant whose conviction has been affirmed may petition the sentencing court at any time for partial or complete remission of the obligation where payment will impose manifest hardship on the defendant or upon his or her immediate family—this without regard to whether the appeal raised debatable issues or was totally devoid of merit. Absent a showing of compelling circumstances justifying the exercise of appellate discretion to deny costs to the prevailing party on appeal, we hold that the prevailing party standard will apply, even if the appeal raised debatable issues. Nolan has made no showing of compelling circumstances. Accordingly, we deny Nolan's motion to modify the commissioner's ruling awarding costs.

## FACTS

On February 16, 1999, in an unpublished opinion, this court affirmed Thomas Robertson Nolan's first degree pos-

session of stolen property conviction. *State v. Nolan*, No. 41646-4-I (Wash. Ct. App. Feb. 16, 1999).[1] On February 22, 1999, the State moved for an award of costs under RCW 10.73.160. Specifically, the State asked this court to order Nolan, an indigent, to pay $82 to the Snohomish County Prosecutor's Office for the cost of reproducing the State's appellate brief, and $3,328.80 to the Appellate Indigent Defense Fund to recoup fees for Nolan's court-appointed appellate counsel. Nolan generally objected to this request, but did not dispute the specific amounts requested by the State.

On March 2, 1999, Court of Appeals Commissioner William H. Ellis awarded costs to the State in the amounts it requested. On April 1, 1999, Nolan moved to modify this ruling. On May 26, 1999, this court referred Nolan's motion to a three-judge panel for oral argument. Then, on July 12, 1999, the State requested an additional $225 for appellate costs incurred after February 22, 1999. Nolan again objected in general terms, but did not dispute the specific amount requested by the State.

## DISCUSSION

■ Where a party moves to modify an adverse ruling by a court of appeals commissioner, a three-judge panel of this court reviews the ruling de novo. *In re Detention of Petersen*, 138 Wn.2d 70, 980 P.2d 1204, 1214 (1999) (citing *State v. Rolax*, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985)); *see also* RAP 14.6(b) (a party may object to the ruling on costs only by motion to the appellate court as provided in RAP 17.7); RAP 17.7 (an aggrieved party may object to a commissioner's ruling only by way of a timely motion to modify the ruling).

The "allowance and recovery of costs, being unknown at

---

[1] "An unpublished Court of Appeals' decision may not be cited as precedential authority on a point of law. RAP 10.4(h). But an unpublished opinion may be used as evidence of the facts established in earlier proceedings in the same case or in a different case involving the same parties." *In re Davis*, 95 Wn. App. 917, 920 n.2, 977 P.2d 630 (1999), *mot. for discretionary review granted*, No. 68053-1 (Wash. Sept. 30, 1999).

common law, rests entirely upon the statutory provisions[.]" *People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194, 197, 15 Ill. Dec. 759 (1978), *cited in People v. Rogers*, 286 Ill. App. 3d 825, 677 N.E.2d 13, 18, 222 Ill. Dec. 200 (1997). "RCW 10.73.160 provides for recoupment of appellate costs from a convicted defendant." *State v. Blank*, 131 Wn.2d 230, 234, 930 P.2d 1213 (1997). That statute specifically provides: "The court of appeals, supreme court, and superior courts may require an adult or a juvenile convicted of an offense or the parents of another person legally obligated to support a juvenile offender to pay appellate costs." RCW 10.73.160(1). "Costs" under this statute include "recoupment of fees for court-appointed counsel[.]" RCW 10.73.160(3). This statute states that costs "shall be requested in accordance with the procedures contained in Title 14 of the rules of appellate procedure[.]" RCW 10.73.160(3).

RAP 14.2 authorizes the award of costs "to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review" and further provides that in a criminal case involving an indigent, an award of costs will apportion the money owed between the County and the State.[2] Title 14 of the Rules of Appellate Procedure and RCW 10.73.160 make no distinction between appeals that raise debatable issues and appeals that are entirely devoid of merit. An award of costs shall become a part of the trial court's judgment and sentence, but a defendant may petition the sentencing court at any time for remission of payment based on manifest hardship—regardless of whether his or her appeal raised any debatable issues. *See* RCW 10.73.160(3), (4).

The provisions of RAP 18.1 do not apply to costs recoverable under RCW 10.73.160. *Blank*, 131 Wn.2d at 251. Thus, the State is not required to devote a section of its brief to the request for expenses, and may do so in its cost bill,

---

[2]Notwithstanding the prevailing party standard, if an indigent appellant prevails on appeal, he or she "may not recover costs from the State for expenses paid with public funds[.]" RAP 14.3(c).

notwithstanding the provision of RAP 18.1(b) that the request for fees and expenses in other cases should not be made in the cost bill. *Id.* This is because RCW 10.73.160 does not refer to RAP 18.1—instead, the statute directs that the request for appellate costs "must be made in accordance with RAP Title 14, i.e., in the cost bill[.]" *Id.*

A party, whether indigent or otherwise, may object to items in the cost bill of another party by filing an objection within 10 days after service of the cost bill on that party. RAP 14.5. RCW 4.88.330 and RAP 14.3(a) limit the State's right of recovery to those expenses, including fees for court-appointed counsel, that are necessarily incident to the proper consideration of the review and that are reasonable in amount. *Blank*, 131 Wn.2d at 246. Disputes regarding the reasonableness of a particular item in the cost bill are resolved by the court commissioner, subject to the right of an aggrieved party to seek modification of the ruling from the appellate court. RAP 14.6(b); RAP 17.7.

RCW 10.73.160 is not substantive. It does not create a new right to attorney fees and it does not take away a vested right. An indigent " 'does not have, and never did have, a right to an appeal at public expense, if he [or she] can afford to pay for that appeal. The statute simply provides a mechanism for recouping the funds advanced to ensure his right of appeal. It is clearly procedural.' " *Blank*, 131 Wn.2d at 250 (quoting *State v. Blank*, 80 Wn. App. 638, 641-42, 910 P.2d 545 (1996), *aff'd*, *Blank*, 131 Wn.2d at 253).

Under RAP 14.2, the commissioner or court clerk "will" award costs to the party that substantially prevails on review, unless the appellate court "directs otherwise in the decision terminating review." Because the State is not required to devote a section of its brief to the recoupment of expenses under RAP 18.1, the appellate court rarely will have "directed otherwise" in the decision terminating review. Thus, where the State is the substantially prevailing party and timely requests recoupment as authorized by RCW 10.73.160, the award of costs is virtually automatic—

subject to the commissioner's resolution of any disputes regarding the reasonableness of the expenses and their necessity to the process of review—and subject to the right of the aggrieved party to seek modification of the ruling.[3] Indeed, in *State v. Keeney*, 112 Wn.2d 140, 769 P.2d 295 (1989), our Supreme Court observed that "[c]osts have been awarded to the successful party in criminal cases since early statehood" and held that, as the prevailing party in Keeney's appeal "[t]he State is entitled to recover statutory costs." *Keeney*, 112 Wn.2d at 142 (citations omitted) (rejecting the indigent defendant's challenge to the State's entire cost bill, but ruling that the statutes there at issue did not include statutory attorney fees, did not apply in criminal proceedings, or were superceded by the adoption of Title 14 of the Rules of Appellate procedure).

In *State v. Edgley*, 92 Wn. App. 478, 966 P.2d 381 (1998), *review denied*, 137 Wn.2d 1026 (1999), after affirming two juvenile adjudications, Division Two of this court addressed the State's request for costs on appeal under RCW 10.73.160 and Title 14 of the Rules of Appellate Procedure. The court opined that the "purpose of awarding costs to the prevailing parties is to discourage meritless appeals." *Id.* at 484 (citing *Puget Sound Bank v. Richardson*, 54 Wn. App. 295, 298, 773 P.2d 429 (1989)—a case explaining the purpose of the mandatory arbitration rule attorney fee provision). Because the appeal raised debatable issues, the *Edgley* court denied the State's request for RCW 10.73.160 attorney fees and costs on appeal. *Id.*

Relying on *Edgley*, Nolan urges this court to construe RCW 10.73.160 to mean that "an indigent appellant in a criminal case will not be ordered to pay costs and fees unless his or her appeal lacked merit." Appellant's Supp. Br. at 2. Nolan also contends that legislative intent and public policy support such a construction.

---

[3]Issues may arise regarding the meaning of "substantially prevails" in the context of some criminal appeals—for example, where an appellant's conviction is affirmed but the case is remanded for resentencing. We do not need to consider any such issues in this case, for Nolan did not prevail on any issue raised in his appeal.

■ ■ "Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation." *Fray v. Spokane County*, 134 Wn.2d 637, 649, 952 P.2d 601 (1998) (footnote omitted); *see also State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994) ("Plain language does not require construction."). Further this court "cannot question the wisdom of [legislative] policy, and . . . must enforce the statute as written." *Duke v. Boyd*, 133 Wn.2d 80, 87-88, 942 P.2d 351 (1997). Thus, we may consider Nolan's legislative intent and public policy arguments only if we conclude that RCW 10.73.160 is ambiguous.

■ RCW 10.73.160 gives courts the discretion to require a person convicted of an offense to pay appellate costs as authorized by Title 14 of the Rules of Appellate Procedure. Title 14 authorizes the award of costs to the substantially prevailing party, unless the appellate court directs otherwise. RAP 14.2. This rule does not distinguish between indigent and nonindigent parties. *State v. Obert*, 50 Wn. App. 139, 143, 747 P.2d 502 (1987) (citing RAP 14.2); *see also Keeney*, 112 Wn.2d at 143 (citing Comment, RAP 14.2, 86 Wn.2d 1225 (1977)). Likewise, Title 14 and RCW 10.73.160 do not distinguish between frivolous appeals and those that raise debatable issues. To the extent that the State was "entitled" under *Keeney*, 112 Wn.2d at 143, to statutory costs as the prevailing party in an indigent criminal appeal before the adoption of RCW 10.73.160, it remains so entitled after the adoption of that statute, for all that has occurred since the decision in *Keeney* is that the Legislature has defined "costs" to include court-appointed attorney fees for the indigent appeal, and directed that these costs shall be requested in accordance with the procedures contained in Title 14 of the Rules of Appellate Procedure. The recoupment statute is not ambiguous. Accordingly, we decline Nolan's invitation to explore legislative history in the hope that we might find therein a legislative intention to limit the applicability of the statute to those indigent appeals that are so void of merit as to fail to raise any debatable issues.

That is not to say that the bounds of the appellate court's discretion to deny the award of fees to the prevailing party are clearly defined, for they are not. Under the statute, this court "may" require an indigent appellant to pay appellate costs. And under RAP 14.2, the commissioner "will" award costs to the prevailing party unless we "direct otherwise" in the opinion terminating review (or by way of modification of the commissioner's ruling). That the parameters of appellate discretion under Title 14 are not clearly defined, however, is not a basis for finding RCW 10.73.160 to be ambiguous.

We do not construe *Edgley* as setting down a bright-line rule for the exercise of appellate discretion to deny appellate costs. *Edgley*, 92 Wn. App. at 484. Rather, the *Edgley* court appears to have been stating its basis for the exercise of discretion in that particular case. *Id.* But in either event, we respectfully disagree that the fact that an appellant may have raised debatable issues is an appropriate ground for the exercise of discretion to deny the State the opportunity to recoup appellate costs where the indigent may, at sometime before the expiration of the period in which judgments may be enforced, become able to repay those costs without undue hardship.[4] The test before collection may be had is financial hardship—not the relative merit or lack of merit of the issues raised on appeal.[5]

In *Blank*, the Supreme Court rejected the argument that it should exercise discretion to deny recoupment of costs on the ground that, given the defendant's incarceration and the difficulties convicted felons face in finding steady employment, the State failed to show that sufficient funds can be recouped to justify the administrative expense of collection efforts. *Blank*, 131 Wn.2d at 253. The court observed that the argument was misdirected, it being the

---

[4]*See Blank*, 131 Wn.2d at 242 n.6; RCW 9.94A.145 (defining the period during which legal financial obligations of convicted felons may be enforced).

[5]One exception to this test is, of course, that if the indigent appellant is the substantially prevailing party, he or she will not be ordered to pay appellate costs. *See Blank*, 131 Wn.2d at 243; RAP 14.2.

court's task to determine the constitutionality of the statute and not its effectiveness, and concluded that the indigent "failed to offer any compelling argument justifying denial of the State's costs request." *Id.*

In light of *Keeney*, 112 Wn.2d at 142, which speaks in terms of the State's "entitlement" to recover costs when it is the prevailing party in an indigent criminal appeal, the clear message of *Blank*, 131 Wn.2d at 251-53, is that the indigent must show a compelling basis for the court's exercise of its discretion to deny costs to the prevailing party under Title 14 of the Rules of Appellate Procedure. We observe that the quality of the work of court-appointed appellate counsel in this state is exceedingly high—indeed, *most* indigent appeals raise debatable issues. Were that to be a basis for the exercise of appellate discretion under Title 14, costs would rarely be awarded. Instead, the exercise of appellate discretion would virtually swallow the prevailing party standard—starting with indigent criminal appeals but not likely ending there because the prevailing party standard applies to all appeals, whether criminal or civil in nature.

In sum, absent compelling circumstances, we will not exercise our discretion to deny the award of costs to the prevailing party on appeal. That an indigent appellant may have raised debatable issues in the appeal is not, in our view, a compelling circumstance—rather, it is the norm.

Accordingly, we deny Nolan's motion to modify Commissioner Ellis's ruling awarding costs to the State, and refer the State's request for additional costs back to a commissioner of this court for disposition in accord with Title 14 of the Rules of Appellate Procedure.

Cox and ELLINGTON, JJ., concur.