252 P.3d 924 (2011)
In the Matter of the Personal Restraint of Gregory Scott BAILEY, Petitioner.
No. 28652-5-III.
Court of Appeals of Washington, Division 3.
June 9, 2011.
*925 Janet G. Gemberling, Gemberling & Dooris PS, Spokane, WA, for Petitioner.
Andrew Kelvin Miller, Julie Elizabeth Long, Benton County Prosecutors Office, Kennewick, WA, for Respondent.
KULIK, C.J.
¶ 1 We dismissed Gregory Bailey's personal restraint petition (PRP). The State filed a cost bill under RAP 14.3 and RCW 10.73.160. Mr. Bailey objected to the cost bill. Noting that no published case has addressed whether the State may properly receive statutory attorney fees after dismissal of a PRP, the commissioner set the matter before this court.
¶ 2 A PRP is a civil action.[1] We conclude an award of statutory attorney fees to the State is proper. Such fees are not prohibited by RCW 10.73.160 in that they do not represent prosecuting attorney salaries and are not intended to recoup expenditures to maintain and operate government agencies.

FACTS
¶ 3 Mr. Bailey pleaded guilty to witness tampering and second degree burglary. In a timely petition to this court, he sought relief from personal restraint, challenging the voluntariness of his plea and the calculation of his offender score. The petition was dismissed on October 7, 2010. See Order Dismissing Personal Restraint Petition, In re Pers. Restraint of Bailey, No. 28652-5-III (Wash.Ct.App. Oct. 7, 2010).
¶ 4 One week later, the State filed a cost bill requesting $200 in statutory attorney fees and $206 for preparation of the response brief (103 pages at $2.00 each)a total of $406. The cost bill stated, "The above items are expenses reasonably necessary for review of this matter that were actually incurred by the State in prosecuting the above case that are allowed as costs by Rule 14.3 and RCW 10.73.160." Cost Bill at 1, Spindle # 1. The State asked this court to order Mr. Bailey to pay these costs by cashier's check or money order payable to Benton County.
¶ 5 Mr. Bailey filed an objection to the cost bill on November 1, 2010. He argued that statutory attorney fees are not allowed under RCW 10.73.160(2), which states that appellate *926 costs cannot include expenditures to maintain and operate government agencies. Additionally, he complained that costs of $2.00 per page for the State's response brief were excessive. The commissioner ordered appointment of counsel for Mr. Bailey and set the matter before a panel of this court for determination.

ANALYSIS
¶ 6 PRPStatutory Attorney Fees. The State first asserts that Mr. Bailey's objection to the cost bill should be dismissed as untimely. An objection to a cost bill must be filed within 10 days after service of the cost bill. RAP 14.5. According to the record, the State served the cost bill on Mr. Bailey by mailing a copy to him in prison at Steilacoom, Washington, from Kennewick, Washington, on Tuesday, October 12, 2010. No record shows when Mr. Bailey actually received the cost bill. His objection is dated Wednesday, October 27, 2010, was postmarked October 28, 2010, and was received by this court on Monday, November 1, 2010.[2]
¶ 7 Although it appears that Mr. Bailey's objection may be untimely under RAP 14.5, this court may waive noncompliance or enlarge upon the time limit in order to serve the ends of justice and to decide the issue on the merits. See RAP 1.2(a); RAP 18.8(a). The State's entitlement to statutory attorney fees in the costs for dismissed PRPs is an issue of first impression. Considering the number of PRPs the court considers each year, a decision on the merits would serve the ends of justice.
¶ 8 The rules of appellate procedure specifically authorize an award of costs upon determination of a PRP. RAP 16.15(f). As stated in RAP 16.15(f), costs are awarded as provided in Title 14 RCW. Under RAP 14.2 and RAP 14.3(a), the substantially prevailing party may be awarded statutory attorney fees and certain reasonable expenses actually incurred such as the costs for preparing the report of proceedings, the clerk's papers, and the briefs. RAP 14.3 references RCW 4.84.080, which authorizes $200 in "costs to be called the attorney fee" when allowed by law for judgments rendered by the Supreme Court or the Court of Appeals.
¶ 9 Mr. Bailey contends that RAP 14.3 conflicts with RCW 10.73.160(2), which authorizes the State to recoup appellate costs from a convicted offender, including "expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction." But these costs "shall not include expenditures to maintain and operate government agencies that must be made irrespective of specific violations of the law." RCW 10.73.160(2).
¶ 10 If a statute appears to conflict with a court rule, we will first attempt to harmonize the two and give effect to both. Waples v. Yi, 169 Wash.2d 152, 158, 234 P.3d 187 (2010) (quoting Putman v. Wenatchee Valley Med. Ctr., 166 Wash.2d 974, 990, 216 P.3d 374 (2009)). But "`if they cannot be harmonized, the court rule will prevail in procedural matters and the statute will prevail in substantive matters.'" Id. (quoting Putman, 166 Wash.2d at 980, 216 P.3d 374).
¶ 11 Mr. Bailey contends the State's attorney fees are disallowed by RCW 10.73.160(2) because attorney fees are "expenditures to maintain and operate government agencies." He admits that no published case has defined the meaning of such expenditures under RCW 10.73.160. And he notes that similar language in RCW 10.01.160(2), the statute authorizing the imposition of prosecution expenses on a convicted defendant, was held to mean that the salaries of public employees, including prosecuting attorneys, could not be included in an award of costs. Utter v. Dep't of Soc. & Health Servs., 140 Wash.App. 293, 309-11, 165 P.3d 399 (2007).
¶ 12 In Utter, the Department of Social and Health Services sought reimbursement from an accused for costs expended in determining the accused's competency to stand trial. Under RCW 10.01.160(2), the costs must be limited to expenses incurred by the *927 State in prosecuting the defendant and cannot include "expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." Citing an Oregon Court of Appeals interpretation of a similar Oregon statute, Utter stated that the expenses for prosecution do not include the salaries of prosecuting attorneys. Utter, 140 Wash.App. at 309-10, 165 P.3d 399 (quoting State v. Fuller, 12 Or.App. 152, 157-58, 504 P.2d 1393 (1973), aff'd, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974)). The prosecutor's salary will be paid irrespective of a defendant's specific case. See id. at 310-11, 165 P.3d 399.
¶ 13 RCW 10.73.160(2), like RCW 10.01.160(2), prohibits the State from recouping expenditures to maintain government agencies that are made irrespective of a particular violation of the law. Consistent with the analysis of RCW 10.01.160(2) in Utter, the prohibition in RCW 10.73.160(2) should also be understood to disallow inclusion of prosecuting attorney salaries in the costs imposed on an unsuccessful personal restraint petitioner. Such costs are public expenditures made irrespective of specific violations of the law. RCW 10.73.160(2).
¶ 14 Statutory attorney fees, however, are a different matter. Statutory attorney fees are not recoverable as costs in criminal appeals. State v. Keeney, 112 Wash.2d 140, 143-45, 769 P.2d 295 (1989) (although statutory costs to the State as the prevailing party on appeal of a criminal conviction are mandatory under RAP 14.2, these costs do not include statutory attorney fees under RCW 4.84.080, which is limited to civil actions).[3] But PRPs are civil actions. In re Pers. Restraint of Gentry, 137 Wash.2d 378, 409, 972 P.2d 1250 (1999). Even when reasonable attorney fees are not authorized by contract, statute, or equity, statutory attorney fees are typically allowed as costs for the substantially prevailing party on review of a civil action. See, e.g., RAP 14.2, RAP 14.3(a); Hudson v. Hapner, 170 Wash.2d 22, 34-35, 239 P.3d 579 (2010). Thus, statutory attorney fees are not disallowed under Keeney when the State is the substantially prevailing party in a decision on a PRP.
¶ 15 Because statutory attorney fees do not represent prosecuting attorney salaries that are paid irrespective of a particular case and are not intended to recoup "expenditures to maintain and operate government agencies" (RCW 10.73.160(2)), statutory attorney fees are not prohibited by RCW 10.73.160(2). Accordingly, an award under RAP 14.3(a) of statutory attorney fees to the State as the prevailing party in a PRP does not conflict with RCW 10.73.160(2).
¶ 16 The State is entitled to statutory attorney fees in its award of costs under RAP 14.3(a).
¶ 17 Excessive Costs. Mr. Bailey next challenges the State's requested costs for preparation of the response brief. In his original petition, Mr. Bailey argued that costs of $2.00 per page were excessive. RAP 14.3(a) states that a party may recoup reasonably necessary costs for preparing the brief, "as provided in rule 14.3(b)." Under RAP 14.3(b), the amount awarded per page is fixed by the Supreme Court. The Supreme Court has fixed the rate at $2.00 per page. See In the Matter of the Amount Per Page for Original Documents, No. 25700-B-367 (Wash. June 16, 1999).
¶ 18 In his supplemental petition, Mr. Bailey also contends the State's response brief is unreasonably lengthy. RAP 14.3(b) authorizes costs for preparing a brief that "substantially complies with these rules" and only for the actual number of pages of the brief, including the cover and appendix. Mr. Bailey contends the length of the State's response brief103 pagesviolates RAP 10.4(b), which states that a respondent's brief should not exceed 50 pages. But the rule also states that "[f]or the purpose of determining compliance with this rule appendices, the title sheet, table of contents, and table of authorities are not included." RAP 10.4(b). The State is required by RAP 16.9 to attach copies of the relevant record and any written authority for the petitioner's restraint. Here, the State's response brief is 13 pages *928 of argument, a cover page, a table of contents, a table of authorities, and 87 pages of appendices, including the plea statement, the judgment and sentence, the transcript of the plea hearing, and the transcript of the sentencing hearing. These documents in the appendices were relevant and necessary to a determination of the petition. Accordingly, the State's response was not excessively long. RAP 10.4(b). The State is entitled to costs of $2.00 per page for 103 pages. RAP 14.3(b). The State's costs for preparation of the response brief are reasonable.
¶ 19 We award costs for statutory attorney fees and preparation of the response brief as requested.
WE CONCUR: KORSMO and SIDDOWAY, JJ.
NOTES
[1] In re Pers. Restraint of Gentry, 137 Wash.2d 378, 409, 972 P.2d 1250 (1999).
[2] Under GR 3.1(b), when an inmate serves a document on a party by mail, the document is deemed mailed at the time of deposit in the institution's internal mail system. If the document is deposited in the internal mail system within the time permitted for filing, it is considered timely filed. GR 3.1(a).
[3] Keeney noted that "[n]othing in RCW 4.84.080 provides for recovery of statutory attorney fees in criminal matters." Keeney, 112 Wash.2d at 142, 769 P.2d 295.