IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PEDRO NAVARRO,<br><br>          Appellant,<br><br>v.<br><br>SCOTT PRESTON,<br><br>          Respondent. | No. 87898-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Pedro Navarro sued Scott Preston for defamation. After alleging that Preston's discovery responses were incomplete, Navarro moved to compel discovery before attempting to engage in a CR 26(i) meet and confer. After the trial court denied his motion, Preston moved for fees and costs, which the court granted. Navarro also moved to proceed with a pseudonym, which the court denied. We affirm.

FACTS

Navarro brought causes of action against Preston for defamation of character, libel, and slander under the pseudonym "John Doe" in September 2024. Navarro's complaint alleged that Preston defamed him because he indirectly posted on Facebook and directly told people that Navarro was a child molester or rapist. The trial court granted Navarro's motion to waive civil fees and surcharges the same day the complaint was filed.

The parties engaged in discovery with Navarro emailing Preston a first set of

interrogatories and request for production the following month, which Preston timely answered. Subsequently, Navarro emailed a second set of interrogatories and request for production on November 3 and alleged that some of the first interrogatories and requests for production were incomplete. Navarro told Preston,

> So are you going to actually follow the discovery rules and instruct your client to also follow the discovery rule CR 26, or will I have to bring your failure to follow the discovery rules to the court's attention. You have already filed the answer to the complaint about 30 days late, so I can tell that you think rules and deadlines don't apply to you or it's an intentional act since I am pro se so you think you can get away with it. So I suggest you get very familiar with CR 26.

After Preston failed to respond to the second set of interrogatories and request for production within 30 days, Navarro emailed Preston that the answers were late and stated, "[i]f you're not going to be taking the discovery rules seriously I am going to have to bring this to the court's attention." Preston sent Navarro his answers on December 6.

Navarro emailed Preston again on December 13, alleging that Preston lied under oath in his answers to Navarro's interrogatories and requests for production. Navarro claimed that Preston lied under oath because Preston answered Navarro's second interrogatory number 6 that he has only orally communicated with a provided list of people about the activity or conduct referred to in the complaint but then admitted in the following interrogatory that he sent his family screenshots of Navarro on the sex offender registry. After highlighting this inconsistency, Navarro warned:

> Since Mr. Preston supposedly does not have any records responsive to any of the messages from all of the listed people then I am either assuming he has them but is violating the discovery rules by refusing to produce them or is violating RCW 9A.72.150 destroying physical evidence. So, if you [are] not willing to have your client produce them then I will be filing [a] motion for sanctions and asking [the] court to send a request over to the prosecutor's office to investigate Mr. Preston for tampering with evidence.

2

Navarro also provided instructions on how to retrieve deleted Facebook posts after Preston objected to Navarro's second request for production for "all social media postings and activity including deleted post[s] between August 1, 2024 and the present" as overbroad and unduly burdensome, and vague and ambiguous. Preston did not reply to the email that provided instructions on retrieving deleted posts.

On January 12 Navarro emailed the court and Preston asking for "available court dates for a hearing on a motion for sanctions." Preston responded the following day, requesting Navarro to clarify his "motion for sanctions" and indicated that, if this is some kind of discovery motion, Navarro should review the discovery rules requiring him to confer with opposing counsel. The day after Preston's response, Navarro filed a "CR 37 motion to compel discovery and for sanctions for failure to comply with the discovery rules and for failure to produce documents and for intentionally destroying evidence." The court replied to Navarro's request for a hearing the same day his motion was filed, stating, "You do not need a date from me since the motion is without argument."

Thereafter, Preston emailed Navarro on January 17 with an attached letter, requesting that Navarro strike his motion to compel discovery because he has not arranged a conference for them to meet. The same day, Navarro replied to Preston stating that his December 13 email "shows [his] intention to discuss discovery with [Preston], but [Preston] failed to even respond." Also on the same day, Preston replied that he would be "happy to schedule a conference call with [Navarro] to discuss [his] discovery requests and concerns, but [he] ha[s] never requested one." Navarro responded on January 20, a holiday, that he is willing to schedule a conference. After Navarro did not strike his motion to compel discovery, Preston filed a response

opposing the motion the following day when it was due and requested fees of $1,800.

On January 24 at 1:41 p.m., Preston emailed Navarro summarizing their CR 26(i) conference call that occurred that day. About an hour later, Navarro confirmed with the court over email that he was not striking his motion to compel discovery.

During this time, Navarro also filed a motion to proceed under a pseudonym.[1] Navarro filed his reply to this motion on January 29 at 9 a.m. and the court denied his motion the same day at 2:04 p.m.

On February 6 the court denied Navarro's motion to compel discovery and request for sanctions. The court stated, "Based on the above pleadings, the Court finds that there was not good cause of [sic] the motion. Plaintiff failed to attempt to meet and confer in a discovery conference before filing the motion and Defendant otherwise answered the discovery requests appropriately." The court also stated that "[d]efense counsel may seek a request for attorneys' fees within 14 days of this Order."

Accordingly, Preston timely filed a motion for fees and costs totaling $4,245.11 under CR 26(i) and CR 37(b). Navarro opposed the motion, arguing that CR 26(i) and CR 37(a)(4)[2] are not a basis for fees and costs. Additionally, Navarro asked the court to allow him to voluntarily dismiss his suit. In reply, Preston did not object to the court ruling on Navarro's request for dismissal as long as the court ruled on his request for attorneys' fees and costs. The court granted Preston's motion for fees and costs in the amount of $2,646.61, reasoning that a downward deviation was appropriate after

---

[1] Navarro previously filed a motion to proceed under a pseudonym two times in September 2024, which were rejected and denied, respectively, under lower court rule 10, requiring the names on the case caption to match the names in the initiating complaint.

[2] Neither party addresses on appeal whether CR 37(a)(4) is a basis to award attorneys' fees to Preston.

considering counsel's attorney fee declaration and the time spent responding to Navarro's motion. The court also granted Navarro's motion to dismiss without prejudice. Navarro appeals.[3]

## DISCUSSION

### Pseudonym Motion

Navarro argues that the trial court erred when it denied his motion to proceed under a pseudonym because it denied the motion before receiving a working copy of his reply brief. We disagree.

A trial court's decision to deny a motion to proceed under a pseudonym is reviewed for abuse of discretion. Doe AA v. King County, 15 Wn. App. 2d 710, 717, 476 P.3d 1055 (2020). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005) (citing In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). A trial court's discretionary decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. T.S. v. Boy Scouts of Am., 157 Wn.2d 416, 423-24, 138 P.3d 1053 (2006).

---

[3] Navarro only attached a copy of the court's order granting Preston's request for attorneys' fees to his notice of appeal but indicated that he sought review of the court's order denying his motion to compel and motion to proceed under a pseudonym and designated these orders in the clerk's papers. Because Preston takes no position on appealability, we exercise our discretion under RAP 5.3(f) that we may disregard defects in the form of the notice of appeal "if the notice clearly reflects an intent by a party to seek review" and consider these orders appealed. We do not consider Navarro's allegation in his notice of appeal that the trial court violated GR 34 or was prejudiced and biased towards him because he makes such no argument in his briefing. RAP 10.3(a)(6) (requiring briefs to contain "The argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.")

Navarro filed his motion to proceed under a pseudonym on January 22, 2025. Preston responded on January 27 opposing Navarro's motion.[4] Navarro filed his reply on January 29 at 9 a.m. with the King County Superior Court Clerk. The court denied Navarro's motion that same day at 2:04 p.m.

On January 29 at 1:12 p.m., the court emailed Navarro that his pseudonym motion will be heard on January 31. Navarro replied at 1:33 p.m. on the same day, asking whether the court would "accept working copies via email." The court responded five minutes later saying, "Yes, the Court already received your paper working copies: notice of hearing and motion." Navarro clarified 10 minutes later that he was "referring to [his] reply motion that was filed …. with the clerk via the online portal but [he] was unable to [f]ile the working copy of the reply motion via the online portal since for some reason that fee is not waived." The court responded to Navarro four minutes later that he could email the court a working copy.

Under King County Local Civil Rule (KCLCR) 7(b)(4)(F), "Working copies of the motion and all documents in support or opposition shall be delivered to the hearing judge, commissioner, or appropriate judicial department no later than on the day they are to be served on all parties." Additionally, KCLCR 7(b)(4)(E) states that "[a]ny documents in strict reply shall be similarly filed and served no later than 4:30 p.m. two judicial days before the hearing." Therefore, Navarro's reply brief was due on January 29 by 4:30 p.m. and he had until the end of January 29 to deliver a working copy to the court.

Navarro argues that the court's order denying his motion to proceed under a

---

[4] Preston takes no position on Navarro's pseudonym motion on appeal.

pseudonym violated KCLCR 7 because the court "made its decision without the benefit of [his] final arguments" and that this error is not harmless because he was "deprived" "of the chance to rebut the arguments made in [Preston's] response motion." However, his reply brief was filed before the court denied his motion to proceed under a pseudonym. Therefore, he was able to rebut Preston's arguments made in response and the court's decision was not made without considering his arguments made in reply. He cites no authority that he was prejudiced because the court denied his motion before receiving a working copy. There was no abuse of discretion.

## Motion to Compel

Navarro next argues that the trial court erroneously concluded that he failed to attempt to meet and confer in a discovery conference before filing his motion to compel discovery. The trial court has discretion to deny a motion to compel discovery, which we do not disrupt absent an abuse of discretion. Clarke v. Att'y Gen.'s Off., 133 Wn. App. 767, 777, 138 P.3d 144 (2006). A court abuses its discretion when its decision is based on unreasonable or untenable grounds. Clarke, 133 Wn. App. at 777.

CR 26(i) provides:

The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference, whether in person or by telephone or by other remote means. If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b). Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.

"The primary purposes of CR 26(i) are to minimize the use of judicial resources during

discovery and to encourage professional courtesy between counsel." <u>Amy v. Kmart of Wash.</u>, 153 Wn. App. 846, 853, 223 P.3d 1247 (2009). None of Navarro's emails to Preston before filing his motion to compel indicate that he wanted to discuss his alleged discovery issues or meet and confer. In his November 3, 2024, email responding to Preston's answers to his first set of interrogatories and request for production he states, "So are you going to actually follow the discovery rules and instruct your client to also follow the discovery rule CR 26, or will I have to bring your failure to follow the discovery rules to the court's attention." Then, on December 3 Navarro emailed Preston that Preston's answers to his second set of interrogatories and request for production were late, indicating "If you're not going to be taking the discovery rules seriously I am going to have to bring this to the court's attention."

Finally, after Preston emailed his answers to Navarro's second set of interrogatories and request for production, Navarro emailed Preston alleging that he lied under oath in his interrogatories and is violating discovery because he refused to produce certain documents. Navarro specifically said, "if you [are] not willing to have your client produce them then I will be filing [a] motion for sanctions and asking [the] court to send a request over to the prosecutor's office to investigate Mr. Preston for tampering with evidence."

The record supports the court's finding that Navarro "failed to attempt to meet and confer in a discovery conference before filing the motion." It was not an abuse of discretion for the trial court to conclude that Navarro's emails to Preston were not an attempt to meet and confer.

Navarro also alleges that the trial court abused its discretion in finding that

Preston "answered the discovery request appropriately." Navarro specifically challenges his second request for production No.1, which sought all communication between Preston and a list of named individuals. Preston responded that he "do[es] not possess anything responsive to this request." The record supports that Preston answered this discovery request appropriately. Navarro correctly highlights that in Preston's response to the motion to compel he included a declaration from his attorney with an attachment containing a Facebook messenger screenshot responsive to Navarro's request for production No.1. However, the attorney's declaration stated that Preston "just recently located" these screenshots. It was not an abuse of discretion for the trial court to find that Preston responded to the discovery request appropriately.

Finally, Navarro alleges that Preston's "partial production" of the Facebook screenshots attached to his attorney's declaration "strongly suggests that more responsive messages exist." He cites no authority to support this inference or that a court abuses its discretion when it does not consider an alleged "strong suggestion" that more responses to a discovery request may exist. RAP 10.3(a)(6); Starr Indem. & Liab. Co. v. P.C. Collections, LLC, 25 Wn. App. 2d 382, 404, 523 P.3d 805 (2023) (declining to consider an abuse of discretion argument with no authority to support it). The court did not abuse its discretion when it found that Preston appropriately responded to discovery.

<u>Attorneys' Fees</u>

Navarro next argues that CR 26(i) and 37(b) are not a valid basis to award Preston attorneys' fees. Under Washington law, attorneys' fees are recoverable only when statute, contract, or a recognized ground in equity authorizes the request. <u>State v.</u>

<u>Keeny</u>, 112 Wn.2d 140, 142, 769 P.2d 295 (1989); <u>Gander v. Yeager</u>, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). A discretionary decision to award or deny attorneys' fees is reviewed for an abuse of discretion. <u>Gander</u>, 167 Wn. App. at 645. When a trial court's decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons, it is an abuse of discretion. <u>Cook v. Brateng</u>, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014).

After the trial court denied Navarro's motion to compel discovery, Preston requested fees under CR 26(i) and CR 37(b). CR 26(i) states, in relevant part that, "[i]f the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or <u>failed to confer in good faith</u>, the court may apply the sanctions provided under rule 37(b)." (Emphasis added). One of the sanctions provided under rule CR 37(b) includes "reasonable expenses, including attorney fees." We hold that the trial court did not abuse its discretion in awarding fees to Preston because the record supports that there is no good cause for the motion; Navarro failed to confer after he filed his motion to compel.

On January 12 Navarro emailed the court and Preston asking for "available court dates for a hearing on a motion for sanctions." Preston responded the following day asking Navarro to clarify his "motion for sanctions" and if it is a discovery motion, Preston directed Navarro to "the state and local court rules on discovery and requirements regarding conferring with opposing parties/counsel." Navarro filed his motion to compel discovery on January 14.

Thereafter, Preston emailed Navarro a letter requesting that he strike his motion to compel and explained that CR 26(i) requires him to arrange a conference with

Preston to resolve any discovery dispute before involving the court. Navarro responded to the letter on January 17, stating that his December 13 email that Preston did not respond to "shows my intention to discuss discovery" and "[j]ust because I did not use the word confer my intentions by that email is clear that I was attempting to confer with you." Preston then replied the same day that he is "happy to schedule a conference call with you to discuss your discovery requests and concerns, but you have never requested one." Preston also stated that he was not available on Monday January 20 because it was a holiday. Preston again suggested that Navarro strike his motion to compel discovery and work with his assistant to set up a conference call. On January 20, a holiday, Navarro emailed Preston that he is "willing to schedule a discovery conference whenever you're available." The following day, Preston filed a response to Navarro's motion to compel as Navarro did not strike it and the response was due that day. In that response, Preston's attorney requested fees.

Navarro filed a reply brief on January 22, arguing that he attempted to meet and confer based on his December 13 email, that the court should not award Preston attorneys' fees because his motion was in good faith, and that Preston strategically waited until Friday afternoon to make threats to get Navarro to strike his motion because he was most likely to be busy then.

Preston emailed Navarro on January 24 that they had a CR 26(i) conference call and summarized the substance of that call. On the same day after Preston's email, Navarro confirmed with the court over email that he was not striking his motion. The court denied Navarro's motion to compel discovery and ordered that "[d]efense counsel may seek a request for attorneys' fees within 14 days."

11

Preston timely moved for attorneys' fees and costs totaling $4,245.11 under CR 26(i) and CR 37(b). In response, Navarro argued that CR 26(i) is not a basis to award attorneys' fees. Navarro also included a declaration with his response, attaching the parties' email exchanges since he filed his motion to compel discovery as well as his emails with the court, as detailed above. The court granted Preston $2,520.00 in attorneys' fees and $126.61 in costs after considering Preston's motion, the declaration of his attorney, Navarro's opposition, Preston's reply, and the pleadings, filing and records of the case.

The record supports that there was no good cause for Navarro's motion to compel because he failed to confer in good faith after filing the motion. Preston emailed Navarro a letter three days after Navarro filed his motion to compel, requesting that he strike the motion and explaining that the discovery rules require a meet and confer. Although Navarro sent an email on January 20, a holiday, that he was willing to confer with Preston, Navarro on January 24 confirmed with the court that he was not striking his motion to compel. Without confirmation that Navarro was striking his motion to compel, Preston was left having to prepare and submit a timely response.

Notably, even after the parties met and conferred on January 24 Navarro confirmed with the court that he was not striking his motion to compel. Finally, in Navarro's response to Preston's request for attorneys' fees, he does not raise any specific objection to the reasonableness of the fees requested. Instead, he attempts to relitigate whether he violated CR 26(i). If the trial court's decision can be sustained on any theory within the pleadings and evidence, we will do so. In re Marriage of Foran, 67 Wn. App. 242, 248, 834 P.2d 1081 (1992). Therefore, we conclude that the record

12

supports that there was no good cause for Navarro to file his motion to compel and he failed to confer in good faith after he filed his motion. The court did not abuse its discretion in awarding fees under CR 26(i) and CR 37(b).

Citing Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997), Navarro also argues that the trial court abused its discretion because it failed to make required findings before imposing "a harsh sanction like a significant monetary penalty." In Burnet, our state Supreme Court held:

> When the trial court "chooses one of the harsher remedies allowable under CR 37(b), … it must be apparent from the record that the trial court explicitly considered whether a lesser sanction would probably have sufficed," and whether it found that the disobedient party's refusal to obey a discovery order was willful or deliberate and substantially prejudiced the opponent's ability to prepare for trial.

Burnet, 131 Wn.2d at 494 (quoting Snedigar v. Hodderson, 53 Wn. App. 476, 487, 768 P.2d 1 (1989)). However, our state Supreme Court has also held that "the reference in Burnet to the 'harsher remedies allowable under CR 37(b)' applies to such remedies as dismissal, default, and the exclusion of testimony . . . but does not encompass monetary compensatory sanctions under CR 26(g) or CR 37(b)(2)." Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 690, 132 P.3d 115 (2006) (citing Burnet, 131 Wn.2d at 494). As the trial court awarded monetary sanctions, Burnet is inapplicable.

Finally, Navarro argues that under CR 37(b), the court was required "to consider whether 'other circumstances make an award of expenses unjust'" and the trial court ignored that Navarro is pro se, in forma pauperis, and unemployed. First, "[c]ourts hold pro se litigants to the same standards as attorneys." Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). Second, under GR 34(a) "[a]ny individual … may seek a waiver of filing fees or surcharges," which Navarro sought and

13

the court granted. However, Navarro cites no authority that it is unjust to order a party to pay attorneys' fee when that party has had civil fees and surcharges waived and is unemployed. See State Constr., Inc. v. City of Sammamish, 11 Wn. App. 2d 892, 906, 457 P.3d 1194 (2020) ("Where a party fails to cite to relevant authority, we generally presume that the party found none.") Moreover, in the court's order granting Preston attorneys' fees and costs, the court reduced Preston's total request finding a downward deviation appropriate. Therefore, the record supports that the court did consider whether other circumstances make an expenses award unjust.

Finally, Navarro argues that the court should not have awarded fees because his motion was "substantially justified" but we hold that the trial court did not abuse its discretion in finding that there was no good cause for Navarro's motion to compel. The court did not abuse its discretion in awarding fees to Preston.

Next, Navarro challenges the reasonableness of the attorneys' fees award, arguing that the trial court's order does not include proper findings that counsel's hourly rate was reasonable or as to how it calculated the attorneys' fees award. Navarro also argues that the trial court awarded fees unrelated to opposing the motion to compel. We review a trial court's decision regarding the amount of an attorney fee award for abuse of discretion. Mayer v. City of Seattle, 102 Wn. App. 66, 79, 10 P.3d 408 (2000). "A trial court abuses its discretion when it makes a decision that is manifestly unreasonable, based on untenable grounds, or if no reasonable person would take the position adopted by the trial court." Cromar v. Tag Realty, LLC, 35 Wn. App. 2d 839, 852, 582 P.3d 887 (2025).

In response to Preston's request for fees, Navarro did not raise any objection as

14

to the reasonableness of the attorneys' fees requested or counsel's hourly rate. Instead, he only argued that no fees should be awarded because he attempted to meet and confer. Preston requested attorneys' fees and costs totaling $4,245.11 which the court reduced to $2,646.61. Preston did not appeal this reduction. Accordingly, Navarro waived his arguments disputing the reasonableness of the attorneys' fees award. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.") Navarro also cannot assert that he is prejudiced by an award that is less than the amount he did not object to below. On this record, the trial court's attorney fees awarded was not an abuse of discretion.

Altogether, we hold that the trial court did not abuse its discretion in awarding attorneys' fees to Preston under CR 26(i) and CR 37(b) or in the amount awarded. For similar reasons, we grant Preston's request for attorneys' fees and costs on appeal under RAP 18.1, CR 26(i) and CR 37(b).[5] Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) ("An appellate court may award attorney fees where allowed by statute, rule, or contract. If attorney fees are allowable at trial, the prevailing party may recover fees on appeal." (citation omitted)).

CONCLUSION

We affirm.

_____
Coburn, J.

WE CONCUR:

_____
Chung, J.

_____, ACJ

---

[5] Because we grant fees under CR 26(i) and CR 37(b), we need not address Preston's claim for attorney fees on the basis that Navarro's appeal is frivolous or that he did not follow the Rules of Appellate Procedure.

15